HAZOURI, J.
Phillip Adlington appeals from an order which granted the Florida Parole Commission’s (FPC) motion to quash service and dismissed Adlington’s complaint against the FPC for fading to perform its statutory duty under section 947.24(2), Florida Statutes (1995). The FPC argued that it was not a state agency as defined in section 768.28(2), Florida Statutes (1995). The trial court ruled that the FPC was not a proper party and dismissed Adlington’s complaint.
Section 768.28(1), Florida Statutes (1995), provides for the waiver of sovereign immunity for liability for torts by state agencies or subdivisions. According to section 768.28(2):
As used in this act, “state agencies or subdivisions” include the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instru-mentalities or agencies of the state, *1196 counties, or municipalities, including the Spaceport Florida Authority.
The Florida Constitution provides for the formation of the Florida Parole Commission. Art. IV, § 8(c), Fla. Const. (1997). Section 20.32(1), Florida Statutes (1997), provides:
(1) The Parole and Probation Commission, authorized by § 8(c), Art. IV, State Constitution of 1968, is continued and renamed the Parole Commission. The commission retains its powers, duties, and functions with respect to the granting and revoking of parole and shall exercise powers, duties, and functions relating to investigations of applications for clemency as directed by the Governor and the Cabinet.
Under the foregoing definitions the FPC is a state agency and a proper party to this action. We reverse the dismissal and remand for further proceedings.
REVERSE AND REMAND.
FARMER and SHAHOOD, JJ., concur.